USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABRAHAM I. SOKOL,

                Plaintiff,

-v-

MICHAEL J. ASTRUE, Commissioner of Social Security,

                Defendant.

No. 04-CV-6631 (KMK) (LMS)

ORDER ADOPTING REPORT
AND RECOMMENDATION

---

KENNETH M. KARAS, District Judge:

    Plaintiff Abraham I. Sokol ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's decision to deny him disability insurance benefits. Plaintiff has filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), requesting that this Court reverse the Commissioner's final decision and remand to the Commissioner for a new administrative hearing. The Commissioner has cross-moved for judgment on the pleadings, requesting that the Commissioner's decision be affirmed and that Plaintiff's Complaint be dismissed. Judge Colleen McMahon, who was originally assigned to this case, referred the case to Magistrate Judge Lisa Margaret Smith.[1] Magistrate Judge Smith filed a Report and Recommendation ("R&R") on August 18, 2008, recommending that this Court deny Plaintiff's motion for judgment on the pleadings, grant the Commissioner's cross-motion for judgment on the pleadings, and dismiss Plaintiff's Complaint. (R&R 27.)

    A district court reviewing a magistrate judge's report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or

---

[1] The case was reassigned to the undersigned on August 6, 2007.

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see, e.g., Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition," *id.; see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(C)-(F), *see* Fed. R. Civ. P. 6(d), as was the case here (R&R 27).

Where a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. "However, where a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted); *see also Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b)(2)). "In addition, a party's failure to submit an objection will waive that party's right to challenge the report and recommendation on appeal." *Donahue*, 2007 WL 831816, at *1.

Here, Plaintiff has not filed objections to Magistrate Judge Smith's R&R. Accordingly, the Court has reviewed the R&R for clear error. Finding none, the Court adopts the R&R in its

entirety. In particular, the Court concurs with Magistrate Judge Smith that any inadequacy in the measures taken by the administrative law judge's efforts to obtain medical records from Dr. Lawrence Roach does not undermine the conclusion that substantial evidence supports the ALJ's conclusion that Plaintiff was not entitled to disability benefits. The Court finds no clear error in Magistrate Judge Smith's determination that "Dr. Roach was not a treating physician of the Plaintiff during Plaintiff's disability insurance period" (R&R 23) or in her determination that, even if Dr. Roach were Plaintiff's treating physician during the relevant time period, the "cursory" records from Dr. Roach that were ultimately submitted to the Appeals Council would not have altered the ALJ's conclusion had they been before the ALJ (*id.* 22-23).

Accordingly, it is hereby

ORDERED that the Report and Recommendation filed August 18, 2008 is ADOPTED in its entirety. It is further

ORDERED that Plaintiff's motion for judgment on the pleadings is DENIED. It is further

ORDERED that the Commissioner's motion for judgment on the pleadings is GRANTED. It is further

ORDERED that the Clerk of the Court is respectfully directed to enter a judgment in favor of the Commissioner, terminate the pending motions (Dkt. Nos. 9 and 13), and close this case.

SO ORDERED.

Dated: November 12, 2008
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List

For Mailing by Clerk's Office:

Jessica Mara Sokol, Esq.
32 River Road
Scarsdale, NY 10583

Lorraine S. Novinski
U.S. Attorney's Office, SDNY
86 Chambers Street
New York, NY 10007

Copy To:

Honorable Lisa Margaret Smith
United States Magistrate Judge